UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------

CHARLES SIMON/Whistle Blower, PROTECTED
CLASS18 U.S.C. sec. 4126/28C.F.R. sec 301.314 et
seq, 3410 DeReimer avenue, apt. 7-I
Bronx, N.Y 10475            Plaintiff(s),

                        -V-

UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES COURT OF APPEALS District
of Columbia CIRCUIT's decision 97-757, aff'd 159
F3d 637, FEDERAL PRISON INDUSTRIES INC.,
STEVES SHWALB, Retired Chief Operating Officer
of Federal Prison Industries Inc. policy 18 U.S.C. sec.
4126/28 C.F.R. Part 301,
                        Defendant(s).
-----------------------------------------------------------------

Verified Complaint
Bench Trial Demand

Case: 1:15-cv-01310
Assigned To : Contreras, Rudolph
Assign. Date : 8/13/2015
Description: TRO/PI

I    This Verified Complaint seek affirmative action being brought upon the affirmation of

Charles Simon age (74), lead plaintiff 42 U.S.C. sec. 1988(b)©/Whistle Blower 5 U.S.C. sec

1211 and Protected Class; 18 U.S.C. section 4126 attending 28 C.F.R. sec. 301.314 et seq; The

Protected Class invokes the protection of the First, Fifth and Eighth Amendment of the United

States Constitution; jurisdiction exist under Section 10 of the Administrative Procedure Act

(ACT) 5 U.S.C. section 701, et seq., to subject the administrative decisions of the Unites States

Department of Justice Bureau of Prisons to a narrow review to ascertain its compliance with

procedural due process requirements; hence the Protective Class demand Title VII of the Civil

Rights Act of 1964 42 U.S.C. section. 2000e non punitive preliminary injunction Federal Rules

of Civil Procedure 65, for broad remedial statutory remedy in the wake of twenty one (21) years

of deprivation lost time wages 28 C.F.R. sec. 301202 under the Fair Labor Standard Act 28

C.F.R. sec. 301.314© ,and the Federal Employees' Compensation Act 5 U.S.C. sec 8106(a),/28

C.F.R. sec 301.314(b); thus 28 C.F.R, Part 301 preclude any medical treatment under. Sections

301.315(a) and 301.317; disabled compensation recipient's non punitive Title VII's statutory Award remedy amounts to **$12,808,500;** the Exhibits A, B,C,D,E, mirror Title VII of the Civil Rights Act substitute for recovery pursuant congressional intervention to repeal discriminatory policies, .invocation of executive order by President, Barack Obama to direct U.S. Attorney General to enjoin Count I disparate treatment decision 97-757, aff'd 159F3d 637, Retired Chief Operating Officer of Federal Prison Industries Inc. discriminatory policy under 18 U.S.C. sec.4126/28 C.F.R. Part 301, and enjoin Count 2 disparate impact Inmate Accident Compensation policy under 28 C.F.R. section 301.314 et seq.. Moreover, the Court issue declaratory judgment 28 U.S.C. sec. 2201 under the Act ruling the retired Chief Operating Officer's policy under 18 U.S.C. sec 4126 delineated in 28 C.F.R Part 301 and the Inmate Accident Compensation Procedure under Section 4126 attending 28 C.F.R. section 301.314 is not legally valid under the clear mandate of the two controlling cases cited herein, <u>United States v. Demko</u>, 385 U.S.149 (1966), <u>Granade</u> v. United States, 456 F.2d 837 (2nd Cir. 1966) and in disaccord with (Exhibit -A) congressional intent and the delegation of authority conferred by 18 U.S.C. section 4126; certify under Rule 23 this Title VII of Civil Rights Act of 1964 as class action .

PARTIES

2 Charles Simon and Protected Class 42 U.S.C. sec 4126 attending 28 C.F.R. sec. 301.314 et seq, plaintiff(s), 3410 DeReimer Ave., Apt7-I, Bronx N.Y. 10575

3.UNITED STATES DEPARTMENT OF JUSTICE, Defendant 950 Pennsylvania Avenue N.W. Washington, D C 20580

4. UNITED STATES COURT OF APPEALS District of Columbia CIRCUIT's decision 97-757, aff'd 159F3d 637, Defendant 320 First Street, N.W. Washington, D C 20534

5. FEDERAL PRISON INDUSTRIES INC., Defendant 400First St. NW, 8th Floor Washington D C 20534

6. STEVES SHWALB, Retired Chief Operating Officer of Federal Prison Industries Inc. policy 18 U..S.C. sec. 4126/28 C.F.R. Part 301,400First St. NW, 8th Floor Washington D C 20534

## FACTUAL AND PROCEDURAL BACKGROUND

7. As a preliminary matter Title VII of the Civil Rights Act of 1964 42 U.S.C. sec. 2000e bars overt acts of disparate treatment and policy that are fair in form and intent but discriminatory in operation. Briggs v. Duke Power Co., 410 U.S. 424, 431 (1971); Mc Donnell Douglas Corp., v Green ,411 U.S. 792 (1973); discrimination or non discrimination is a finding of ultimate fact. under Federal Rules of Civil Procedure 52(a) and in this case the Administrative Procedure Act; citation omitted.. The Exhibits attached to the Complaint mirror the Districts Court's jurisdictional nexus that judicial review of the merits of the administrative decision itself is restricted to the "arbitrary and capricious" standard prescribed be the APA for issuance of preliminary injunction; the Exhibits show this case emerge from Congress bipartisan call to Eric Holder, U.S. Attorney General to correct/ enjoin the unconstitutional procedures attending 18U.S.C. sec 4126 delineated in 28 C.F.R. Part 301 and 28 C.F.R. section 301.314 et seq.

## DISPARATE TREATMENT CLAIM VIOLATION

8. The retired Chief Operating Officer, Steve Schwalb, was a state actor 42 U.S.C. section 1983 operating under color of federal law pursuant 28 C.F.R. sec. 301.313. The COO's final administrative decision/policy under 28 C.F.R. Part 301 stands in mark contrast to the Inmate Accident Compensation Procedure under 28 C.F.R. sec 301.314 et seq., enacted by Congress. The retired COO applies different terms and conditions of affording substandard compensation, thus frustrates the clearly express will of Congress and effectively freeze[s] the entire compensation benefits under Section 301.314 et seq., into discriminatory patterns that exist before the Act; for example: The retired COO policy under 28 C.F.R. Part 301preclude any lost time wage coverage under the Federal Employees' Compensation Act 5 U.S.C. sec. 8106(a); .. Reduces minimum wage Fair Labor Standards Act 29 U.S.C. sec.. 201-210 under Section 301.314© to 125.67 monthly compensation; preclude any medical treatment or back surgery under Sections 301.315(a) and 301.317 even when the Government's Physician recommend

future medical treatment and back surgery.. Hence, establishing the amount of award is found pursuant the Inmate Accident Compensation Procedure under 28 C.F.R section. 301.314..

(A)  The United States Court of Appeals for the District of Columbia Circuit's decision 97-757, aff'd 159F3d 637 endorsed the retired COO's discriminatory policy under 18 U.S.C. sec. 4126 attending 28 C.F.R. Part 301, the Appellate Court's decision was clearly erroneous independent determinations of facts and law pursuant judicial review under the Administrative Procedure , thus the ruling confect with congressional intent U.S.v. Demko 385 U.S. 149 (1966), and the U.S. Court of Appeals for the Second Circuit 356 F.2d 837 (1966),its holding pursuant Section 4126 of the Inmate Accident Compensation Procedure ruled the Procedure under section 4126 is mandatory, medical treatment after release and lost time wages coverage under Federal Employees' Compensation Act 5 U.S.C. sec 8106(a);` the D.C. Circuit's decision affirmed the practice under  28 C.F.R  Part301 tantamount to fraud deception and misrepresentation prohibited by Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e. .

### DISPARATE IMPACT CLAIM VIOLATION

9.  The imposition of discriminatory impact lies under  Section 301.314(c) mandatory language

"SHALL" confines recipients to Minimum Wage Fair Labor Standards Act, thus causing significant disparate monetary impact thereby precluding lost t6ime wages under the schedule of payments of the Federal Employees'` Compensation Act; quoting U.S v Demko, supra. The second disparity stem from the  unconstitutional vague language under Section 301.314(b); under this subsection(b) an intelligent  person would  have to guess at its meaning: " The provisions of the Federal Employees' Compensation Act(FECA) (5U.S.C. section 8101 et seq.) Shall be followed when practicable." Where the (IAC) statute should state All awards of Inmate Accident Compensation SHALL be based on the Federal Employees' Compensation Act  5 U.S.C. section 8106(a), the United States shall pay the injured 66 2/3% of recipient's wage or wage earning capacity.. Medical treatment need be made mandatory consistent with the Second Circuit Granada Court at 844 supra, under 28 C.F.R.  Sec.301.315 and .sec. 301.317 medical treatment is merely permissive upon the discretion of the claim examiners..

10. This Verified Complaint  demand for preliminary injunction Title VII's non punitive  broad remedial remedy settlement is advanced and premised pursuant Exhibit -A the  Congressman's September 13, 2013 communication to the U.S. Attorney General Eric Holder concerning  the unconstitutional practice of 28 CFR Part 301; reducing minimum wage, precluding medical treatment etc.;the Exhibits will show U.S. Attorney General, Eric Holder on two occasions referred the Congressman s' request concern to (i) Paul M. Laird, the new Chief Operating

Officer of Federal Prisoner Industries Inc., Disguised as Assistant Director of Industries, and (ii) Kathleen M. Kenney, Assistant Director/General Counsel; Even President Barack Obama referred the injustices to Kathleen M. Kenney, Assistant Director/General Counsel.. Accordingly, the disabled compensation recipient purposely waive suing the new Chief Operating Officer of Federal Prison Industries, Disguised as Assistant Director of Industries, and Kathleen M. Kenney, Assistant Director/General Counsel for $50 million dollars in punitive damages for obstruction of justice endorsing a discriminatory practice prohibited by Title VII of the Civil Rights Act of 1964; thus waive jury trail to settle the case at bench trial pursuant issuance of preliminary injunction foreclosing this case at this juncture.r.

## CONCLUSION

11. In Conclusion, upon these Exhibits undisputed facts explicated herein the Protected Class respectfully move the District Court Judge to issue an order for non punitive preliminary injunction, **settlemen**t and finality of case at this juncture. The issuance of the .preliminary injunction is conferred and authorized by Honorable Loretta Lynch , United States Attorney General's reticent pursuant Exhibit dated June 24, 2015 attached here to with this Verified Complaint, the issuance of the preliminary will ultimately advance the termination of this Verified Complaint.. The Exhibits make clear by Congress the IAC regulations is promulgated by the Attorney General; as such, the non punitive Title VII remedy claim should encourage the Government that settlement is the preferred means to resolve this class action Title VII employment discrimination case Therefore, in the interest of justice and judicial economy injunctive relief will lie...

## RELIEF

Redetermine compensation benefits in accordance with congressional intent U.S. v. Demko and Second Circuit Granade Court the two controlling cases cited herein (II) Certify this case as

a class action; Award lead plaintiff Title VII's retroactive statutory225 months of lost time wages under the 5U.S.C. sec 8106(a)(FECA), medical treatment remedy of statutory Title VI Remedy **$12,808,500;** (III) abolish enjoin the Retired Chief Operating Officer of Federal Prison Industries Inc. discriminatory policy under 18 U.S.C. sec.4126/28 C.F.R. Part 301, (IV) Rewrite and enjoin Count 2 disparate impact Inmate Accident Compensation policy under 28 C.F.R. section 301.314 et seq., All awards shall be based on the Federal Employees' Compensation Act .5 U.S.C. sec.8106(a) , the United States shall pay the injured 66 2/3% of complainant's wage or wage earning capacity; (a) as the prevailing party 42 U.S.C. sec 1988 (b)© compensation recipient's monthly compensation under Section 8106(a)(FECA) 66 2/3% of $150 Per Hour for 40 hours wage earning capacity compensatory lost time wages shall receive $16,000,500 to be paid the first day of each month under 28 C.F.R. sec 301.314(2); (V) Redraft Section 301.314(b) unconstitutional vague language making clear where a lay person will understand its compensation coverage shall be based on the Federal Employees' Compensation Act; enjoin, abolish Section 301.314 © where the mandatory language Shall confines recipients to the Fair Labor Standards Act precluding coverage of lost time wages under the Federal Employees' Compensation Act..(VI) redraft Section 301.315(a) and section 301.317 making medical treatment mandatory (VII) Issue declaratory judgment 28 U.S.C. sec. 2201 under the Act ruling the retired Chief Operating Officer's policy under 18 U.S.C. sec 4126 delineated in 28 C.F.R Part 301 and the Inmate Accident Compensation Procedure Section 4126 attending 28 C.F.R. section 301.314 is not legally valid under the clear mandate of the two controlling cases cited and the delegation of authority conferred by 18 U.S.C. section 4126; (A) as the prevailing party award lead plaintiff $1.00 nominal damage fee senior paralegal 42 U.S.C. sec 1988(b)©; VIII Direct deposit all of recipient's monthly Checks at Chase. Grant any other relief the court

may deem proper and just

                                    Respectfully submitted,

                                    *Charles Simon*
                                    Charles Simon
                                    3410 DeReimer Avenue
                                    Apartment 7-I
                                    Bronx New York 10475