UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CHARLES SIMON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 15-cv-1310 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 2, 3, 4, 7, 9, 11, |
| | : | | 13, 17 |
| U.S. DEPARTMENT OF JUSTICE, *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

<u>MEMORANDUM OPINION</u>

DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION; GRANTING DEFENDANTS' MOTION
TO DISMISS; DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION,
NOTICE OF DEFAULT, MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO EXPEDITE
ISSUANCE OF THE PRELIMINARY INJUNCTION, MOTION FOR RULE 11 SANCTIONS, AND
MOTION DEMANDING IMMEDIATE ACTION.

## I. INTRODUCTION

*Pro se* Plaintiff Charles Simon has filed a complaint against the United States

Department of Justice ("DOJ"), United States Court of Appeals for the District of Columbia

("Court of Appeals"), Federal Prison Industries, Inc. ("FPI"), and Steve Schwalb,[1] an individual

formerly employed by FPI.  Mr. Simon attempts to re-litigate the compensation award he

received pursuant to the Inmate Accident Compensation Act, 18 U.S.C. § 4126 *et seq.*, for a back

injury he sustained while incarcerated in 1987.  *See* Compl. at 1–6, ECF No. 1.  In 1998, the

D.C. Circuit affirmed a district court's denial of Mr. Simon's petition for a writ of mandamus,

holding that his "award of compensation was properly calculated under the Inmate Accident

Compensation Act and its implementing regulations," that there was "no merit to [his] challenge

---

[1] In his complaint, Mr. Simon has misspelled Mr. Schwalb's name.  The Court uses the
spelling used in Mr. Schwalb's January 1995 letter to Mr. Simon.  *See* Compl. Ex. B.

to the validity of the inmate compensation system," and that he "ha[d] not shown that he is entitled to medical treatment after his release." *Simon v. Fed. Prison Indus., Inc.*, 159 F.3d 637 (D.C. Cir. 1998) (unpublished table decision).  In recent years, Mr. Simon has continued to file similar actions in this district against FPI, Schwalb, and various other defendants.  Those actions have been dismissed as barred by the doctrines of claim preclusion and collateral estoppel.  *See Simon v. Bickell*, 737 F. Supp. 2d 10, 14–15 (D.D.C. 2010); *Simon v. Fed. Prison Indus., Inc.*, No. 09-0692, 2009 WL 2618349, at *1 (D.D.C. Aug. 24, 2009).  Additionally, Mr. Simon has filed similar cases against FPI and other agencies or instrumentalities of the United States around the country.  *See, e.g.*, *Simon v. Fed. Prison Indus., Inc.*, No. 03-10792-JLT, 2003 WL 26128191, at *1 (D. Mass. Jul. 15, 2003); *see also Simon v. Robinson*, 196 F. App'x 54, 55 n.1 (3d Cir. 2006) (noting that Mr. Simon has "filed suit and lost in the United States District Courts for the District of Wisconsin, the District of Massachusetts, the Southern District of New York, the District of Columbia, and the District of New Jersey").  Mr. Simon has again filed meritless pleadings in this Court in his ongoing campaign against Defendants concerning the same compensation for an inmate work injury.

Defendants have moved to dismiss Mr. Simon's latest suit.  As an initial matter, the Court denies Plaintiff's meritless motion for disqualification.  The Court further concludes that claim preclusion bars Mr. Simon's claims against FPI and its former employee Mr. Schwalb, while the doctrine of collateral estoppel bars his claims against DOJ and the Court of Appeals.  In the alternative, the Court finds that the time period in which Mr. Simon could have litigated the compensation amount he received for his back injury has far lapsed and that his claims are, thus, time-barred.  Accordingly, the Court grants Defendants' motion to dismiss and denies Mr. Simon's other pending motions as moot.

## II.  FACTUAL BACKGROUND

Mr. Simon commenced this action in August 2015, challenging the monetary award he received as a result of a back injury he suffered while incarcerated more than two decades ago. *See* Compl. at 1–6.  In 1994, as compensation for this inmate work injury, Mr. Simon was awarded $73.57 per month, an amount to be adjusted in line with increases in the federal minimum wage.  *See* Defs.' Mot. to Dismiss & Opp'n to Pls.' Mot. for Prelim. Inj. ("Defs.' Mot.") Ex. 2 at 12, 13, 17, 18, ECF No. 4-1.[2]  Following an administrative appeal to Mr. Schwalb, at that time FIP's Chief Operating Officer, Mr. Simon acknowledged and accepted the award as a "full and final settlement."  *Id.* at 15–17.

In the present suit, although Mr. Simon's complaint is hard to follow, it appears that Mr. Simon once again claims that the settlement award he received was insufficient and unfair.  *See generally* Compl.  Mr. Simon bases this claim on purported violations of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Federal Employees' Compensation Act, and the Constitution.  *See* Compl. at 1–2.  Defendants have moved to dismiss the complaint on two grounds.  First, Defendants argue that Mr. Simon's claim is barred by the related doctrines of claim preclusion and collateral estoppel.  *See* Defs.' Mot. at 3–5.  Second, Defendants argue that Mr. Simon's claims are time-barred.  *See id.* at 5–6.  For his part, Mr. Simon has filed a variety of others motions, including one requesting that the undersigned disqualify himself.  *See* Pl.'s Mot for Disqualification, ECF No. 17.

Because Mr. Simon has failed to raise any issue requiring disqualification or making such disqualification advisable, the Court denies that motion.  In addition, because the Court agrees

---

[2] Because the DOJ has not provided page numbers on its exhibits, the Court cites to the page numbering provided by ECF.

that Plaintiff's claims are barred by the related doctrines of claim preclusion and collateral

estoppel, and are also time-barred, the Court will dismiss Mr. Simon's complaint in its entirety.

Consequently, the Court denies as moot Mr. Simon's various other motions.

### III.  MOTION FOR DISQUALIFICATION

As best the Court can discern, Mr. Simon's basis for requesting disqualification appears

to be his dissatisfaction with this Court's denial of his motion for a pretrial settlement

conference, *see* Dec. 15, 2015 Order, ECF No. 16, and his claims that there has been "undue

delay . . . attend[ing] these proceeding[s]" and that the Court has exhibited "deep-seated [b]ias"

and "favoritism" toward the Defendants, Pl.'s Mot for Disqualification at 1–2.  These arguments

are frivolous.  First, "judicial rulings" like the Court's denial of Mr. Simon's motion for a pretrial

settlement conference "alone almost never constitute a valid basis for a bias or partiality

motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that judicial rulings "can only

in the rarest circumstances evidence the degree of favoritism or antagonism required").  Second,

beyond his dissatisfaction with the pace of litigation, Mr. Simon fails to articulate any intelligible

basis for his belief that this Court has shown bias or favoritism.  That five months have elapsed

since Mr. Simon filed his complaint does not demonstrate that the undersigned "has a personal

bias or prejudice either against [Mr. Simon] or in favor of any adverse party" requiring recusal.

28 U.S.C. § 144.  In addition, to succeed on a motion for disqualification, a party is required to

file "a timely and sufficient affidavit" that "state[s] the facts and the reasons for the belief that

bias or prejudice exists."  *Id.*  Here, Mr. Simon has not filed an affidavit accompanying his

motion. *See Potter v. Toei Animation Inc.*, 839 F. Supp. 2d 49, 57 (D.D.C. 2012) (dismissing a

*pro se* litigant's motion for disqualification because the litigant failed to file an affidavit).

Accordingly, Mr. Simon's motion for disqualification is denied.

## IV.  MOTION TO DISMISS

### A.  Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Brewer v. District of Columbia*, 891 F. Supp. 2d 126, 130 (D.D.C. 2012).  A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation mark omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even *pro se* litigants "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal quotation marks omitted) (quoting *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)).  Moreover, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam).

## B.  Claim Preclusion & Collateral Estoppel

### 1.  Claim Preclusion Bars Simon's Claims Against FPI and Schwalb

Mr. Simon's claims against Defendants FPI and its former employee, Mr. Schwalb, are barred by the doctrine of claim preclusion, which forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  Under the doctrine of claim preclusion, a claim "will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).  The Court addresses each requirement in turn.

First, Mr. Simon's complaint against FPI and Mr. Schwalb involves the same claims or cause of action as his complaint against the same defendants in a previous suit lodged in this Court. *See Simon*, 2009 WL 2618349, at *1 (summarizing previous cases in this district and dismissing Mr. Simon's complaint against FPI and Schwalb as "plainly barred by the doctrine of *res judicata*"); *accord Simon*, 2003 WL 26128191, at *2 (noting that the case constituted "at least the seventh attempt" to bring claims against FPI and the fifth attempt to bring claims against Schwalb). In assessing whether two cases share the same claims or cause of action, a court must determine "whether they share the 'same nucleus of facts,'" that is, "whether the facts are related in time, space, origin, or motivation." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (internal quotation mark omitted) (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983)). In his 1997 lawsuit, Mr. Simon also challenged the sufficiency of the settlement amount he received as a result of his inmate work injury. *See Simon*, 159 F.3d at 637 (describing Mr. Simon's claims as challenging whether his "award of compensation was properly calculated" and whether "he is entitled to medical treatment after his release"). Here, Mr. Simon's claims are substantially the same; his complaint does not assert any new cause of action. *See* Compl. at 3–4 (referring to Mr. Simon's monthly compensation and a government physician's recommendation of "future medical treatment and back surgery"). Because Mr. Simon's complaint asserts the same claim or cause of action as a previous case lodged in this district, the two cases share the same "nucleus of facts," *Apotex*, 393 F.3d at 217 (quoting *Drake*, 291 F.3d at 66), and thus involve the "same claims or cause of action," *Smalls*, 471 F.3d at 192.

Second, Mr. Simon has brought claims against the same parties as he did in his prior lawsuits. In this case, Mr. Simon has sued FPI and its former employee Mr. Schwalb. *See*

Compl. 1.  In his 1997 lawsuit in this district, Mr. Simon similarly brought claims against FPI and Mr. Schwalb.  *Simon*, 159 F.3d at 637 (listing "Federal Prison Industries, Inc." and "Steve B. Schwalb, Chief Operating Officer" as defendant-appellees).  Mr. Simon's claims against FPI and Mr. Schwalb in this case and his claims against those defendants in his previous case thus involve the "same parties" for purposes of claim preclusion.  *Smalls*, 471 F.3d at 192.

Third, because a court in this district previously entered, and the D.C. Circuit affirmed, a merit-based ruling for Defendants on the same issue, the adverse judgment was a final and valid judgment on the merits.  *See Simon*, 159 F.3d at 637.

Finally, a United States district court is a court of competent jurisdiction for the purposes of claim preclusion.  *See Thunder v. U.S. Parole Comm'n*, No. 14-1596(EGS), 2015 WL 5692876, at *3 (D.D.C. Sept. 28, 2015) (finding a district court to be a court of competent jurisdiction for *res judicata* purposes).  Therefore, all four elements of claim preclusion are satisfied and claim preclusion bars Mr. Simon's claims against Defendants FPI and Mr. Schwalb. *Accord Simon*, 737 F. Supp. 2d at 14–15 (finding Mr. Simon's claims barred by the same 1997 case); *Simon*, 2009 WL 2618349, at *1 (same).

### 2.  Collateral Estoppel Prevents Mr. Simon from Litigating the Amount of his Compensation Award Against the Other Named Defendants

To the Court's knowledge, Mr. Simon has not previously brought claims against Defendants DOJ and the Court of Appeals, at least in this district.  Although those claims might nonetheless be barred by claim preclusion based on Mr. Simon's cases in other districts, *see, e.g.*, *Simon v. U.S. Dep't of Justice*, 89 F.3d 823 (1st Cir. 1996) (unpublished table decision), they are, in any event, certainly barred by the related doctrine of collateral estoppel.

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  As just explained, Mr. Simon's claims regarding the validity of his inmate work injury award have been litigated prior to the present case.  *See Simon*, 159 F.3d at 637; *Simon*, 2009 WL 2618349, at *1.  In those cases, courts have held that Mr. Simon's inmate accident compensation award was calculated appropriately.  *See Simon*, 159 F.3d at 637 (affirming district court's merits-based judgment).  Thus—even if ostensibly asserted against new defendants—to the extent that Mr. Simon continues to challenge his inmate work injury compensation or the validity of the inmate compensation system, the doctrine of collateral estoppel bars his claims. Mr. Simon cannot continue to squander judicial resources with "repeated litigation of the same issue as long as the supply of unrelated defendants holds out." *Blonder-Tongue Labs v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971).

Accordingly, Defendants' motion to dismiss is granted as to the remainder of the defendants that were not previously sued.

### C.  Mr. Simon's Claims are Time-Barred

In the alternative, and to the extent Mr. Simon attempts to assert a cause of action based on new theories under the Constitution, Title VII, or any of the innumerable legal provisions his complaint nonsensically lists,[3] his claims are time-barred.

Pursuant to 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  Defendants' motion argues that Plaintiff's claims against the United States are

---

[3] Mr. Simon has nonsensically referred to the Constitution, Title VII, the Administrative Procedure Act, and a hodgepodge of other statutes, cases, and legal theories. *See, e.g.*, ECF Nos. 1, 2, 3, 8, 9, 11.  Because the bases for these theories are not adequately explained, the Court will not address them further.

untimely because they were not brought within six years of their accrual date.  Mr. Simon failed to respond to this argument.  As a result, Mr. Simon has conceded it.  *See Singh v. District of Columbia*, 55 F. Supp. 3d 55, 66 (D.D.C. 2014) ("The rule in this circuit is clear that when a plaintiff fails to respond to an issue raised in a dispositive motion, the Court may treat that argument as conceded.").

Going beyond Mr. Simon's concession and reaching the merits of the argument, the Court easily concludes that Plaintiff's claims are time-barred.  As Mr. Simon himself concedes, he has been aware of the injury he suffered while incarcerated and the amount of the inmate work injury settlement award he received since at least twenty-one years ago, when he litigated this case in the first instance.  Pl.'s Mot. for J. on the Pleadings at 9, ECF No. 7 ("Plaintiff [has] litigated this case for twenty one (21) years.").  Indeed, Mr. Simon attached to his complaint a 1995 letter from Mr. Schwalb, then the Chief Operating Officer of FPI, ruling on Mr. Simon's administrative appeal of his original award.  *See* Compl. Ex. B.  That letter, and the D.C. Circuit's affirmance of his 1997 lawsuit, both plainly indicate that Mr. Simon has long been aware of his cause of action.  Therefore, the six year period during which he could have brought suit against the United States and its agencies or employees has long ago lapsed.  Mr. Simon's claims against Defendants are time-barred and the Defendants' motion to dismiss is granted on this basis as well as to all claims.  *Accord Simon*, 2003 WL 26128191, at *2 (citing § 2401(a) and noting that "[t]o the extent that plaintiff is seeking judicial review under the APA of his initial award or his purported inability to have the fees for his back surgery compensated after his release, his claims are subject to dismissal because plaintiff has not alleged . . . that his claims for review are timely given that plaintiff allegedly received an award in 1994").

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for disqualification is **DENIED**,

Defendants' motion to dismiss Mr. Simon's complaint is **GRANTED**, and Mr. Simon's various

other motions are **DENIED AS MOOT**.[4]  An order consistent with this Memorandum Opinion

is separately and contemporaneously issued.


Dated:  February 3, 2016                                    RUDOLPH CONTRERAS
                                                            United States District Judge

---

[4] These motions are: motion for preliminary injunction (ECF No. 2); notice of
Defendants' default (ECF No. 3); motion for judgment on the pleadings (ECF No. 7); motion to
expedite issuance of the preliminary injunction (ECF No. 9); motion for Rule 11 sanctions (ECF
No. 11); and, motion demanding immediate action (ECF No. 13).